Honorable Bill M. White Criminal District Attorney Bexar County Courthouse San Antonio, Texas 78205
Re: Legality of services performed by district attorney's office in collection of hot checks
Dear Mr. White:
You have requested our opinion as to whether a district attorney may lawfully collect unpaid checks for private persons. The 66th Legislature enacted article 53.08 of the Code of Criminal Procedure, Acts 1979, 66th Legislature, chapter 734, section 1, at 1802, which provides in pertinent part:
 (a) A county attorney, district attorney, or criminal district attorney may collect a fee if his office collects and processes a check or similar sight order if the check or similar sight order:
 (1) has been issued or passed in a manner which makes the issuance or passing an offense under:
(A) Section 32.41, Penal Code;
(B) Section 31.03, Penal Code; or
(C) Section 31.04, Penal Code; or
(2) has been forged under section 32.21, Penal Code.
The statute permits the district attorney to collect the fee `from any person who is a party to the offense,' and establishes a maximum fee schedule based on the face amount of the check collected. Sections (b), (c).
Although other public officials are specifically prohibited from undertaking `the collection of any claim for debt for others,' article 6252-24, V.T.C.S., the addition of article 53.08 to the Code of Criminal Procedure removes any doubt as to whether a county attorney, district attorney or criminal district attorney may do so. It is thus our opinion that, pursuant to article53.08 of the Code of Criminal Procedure, a district attorney may lawfully collect unpaid checks for private persons.
 SUMMARY
Pursuant to article 53.08 of the Code of Criminal Procedure, a district attorney may lawfully collect unpaid checks for private persons.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General